UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
NEWPORT NEWS DIVISION

**In re:**

**THOMAS LORENZO PIGGOTT**
**KAREN Y. PIGGOTT,**

  **CHAPTER 13**

 **Debtors.**

  **CASE NO. 12-50427-SCS**

**BSI FINANCIAL SERVICES, INC.,**

 **Plaintiff/Movant.**

**vs.**

**THOMAS LORENZO PIGGOTT**
**KAREN Y. PIGGOTT**
**MICHAEL P. COTTER, TRUSTEE,**

 **Defendants.**

## ORDER GRANTING
## MODIFICATION OF STAY

The Motion of the Plaintiff, BSI Financial Services, Inc., to amend the automatic stay having been properly served and upon agreement by Counsel,

It appears that Debtors are in possession of a certain real property hereinafter described upon which Plaintiff holds a Note secured by a valid Deed of Trust; that the Debtor have agreed to cure the post-petition delinquency and maintain the account in a current status whereby the Plaintiff will be entitled to automatic relief, subsequent to ten (10) days Notice of Default to Debtors and Counsel for Debtors. Should Debtors fail to timely reinstate in accordance with any such Notice of Default, Relief from Stay will be automatic incident to the property located at *7819 Merrimac Lane, Newport News, VA 23605*, and described as follows:

  **All that certain lot, piece, or parcel of land situate, lying and**

D. Carol Sasser, Esquire
Counsel for Plaintiff
Samuel I. White, P.C.
5040 Corporate Woods Drive
Suite 120
Virginia Beach, VA 23462
State Bar #28422
(757) 490-9284

>**being in the City of Newport News, Virginia, and being known and designated as Lot Numbered THIRTY-TWO (32) as shown on that certain plat entitled, "SUBDIVISION OF OF VILLAGES OF NEWPORT, PHASE 3 (D.B. 1505, PG. 591) NEWPORT NEWS, VIRGINIA", made by Hoggard/Eure Associates, P.C., Engineers-Surveyors-Planners, dated January 6, 2000, and duly recorded in the Clerk's Office of the Circuit Court for the City of Newport News, Virginia, in Deed Book 1611, page 594, and re-recorded in Deed Book 1616, page 155, to which reference is here made.**

Upon consideration whereof, it is **ORDERED** that relief from the automatic stay be, and it hereby is, presently denied, provided however, that the Debtors comply with the following conditions:

(a) Debtors are to resume making all future regular monthly installment payments in the amount of $1,151.51, pending further notice from the mortgage company, as they become due commencing October 1, 2012, to include any late charges, if applicable.

(b) Debtors are to cure any arrearage currently due to the Plaintiff for the months of May, 2012 through September, 2012, in the total amount of $7,486.43, which arrears were calculated as follows:

| | |
|---|---:|
| **1 monthly payment (5/1/2012) @ $2,054.39/month** | **$2,054.39** |
| **4 monthly payments (06/01/12-09/01/12) @ $1,151.51/month** | **$4,606.04** |
| **Bankruptcy Fees and Costs - Motion For Relief** | **826.00** |
| **Total** | **$7,486.43** |

1) The arrearage amount set forth herein is contingent upon the sufficient clearing of any previously applied post-petition funds.

2) The arrearage amount set forth above is contingent upon the bankruptcy case remaining an active paying case. Notwithstanding the repayment schedule set forth below, in the event the case no longer remains active/open, all arrears payment will immediately due and payable.

3) **The arrearages in the amount of $7,486.43 will be paid through the Amended Chapter 13 Plan filed on October 2, 2012. The**

94-020727-12/cel

    **Trustee reserves the right to object to the Amended Plan. Plaintiff will file an Amended Proof of Claim including the post-petition arrearages within fourteen (14) days of the entry of this Order herein. Debtors agree to the filing of such amended claim, increasing the arrearage by the post-petition arrearage amount.**

  4) **In the event Debtors are unable to have an Amended Chapter 13 Plan confirmed within ninety (90) days of the date of the entry of this Order which fully provides for the pre-petition arrearages as well as the post-petition arrearages which are set forth in the Order, then relief shall be automatic, with no further notice or opportunity for hearing required.**

  5) **The Debtors have amended Schedules I and J to reflect the reduction of the amount of their monthly mortgage installment and other expenses to increase and ensure proper funding of the Amended Chapter 13 Plan that was filed October 2, 2012**

  6) All future payments should be forwarded to the following address until further notice: BSI Financial Services, Inc, 314 S. Franklin St, POB 517, Titusville, PA 16354.

(c) In the event of a default in the terms of this Order, Debtors will be responsible for any additional fees incurred incident to the issuance of any notice of default in the amount of $50.00.

(d) To the extent it may be necessary, the automatic stay is modified to permit the Debtors to be mailed payment coupons, notice of payment changes, notice of late payments, monthly statements or notice (other than a notice of acceleration), customarily sent to mortgagors in the ordinary course of business.

  Should the Debtors fail to satisfy these conditions, the Plaintiff will have relief from stay and may proceed forthwith to enforce its security agreement, subsequent to ten (10) days Notice of Default to Debtors and Counsel for Debtors. In the event Debtors fail to timely reinstate in accordance with any such Notice of Default, Relief will be automatic, with no further hearing or order required. In the event relief is granted, foreclosure proceedings may be commenced incident to state law.

  Once the Debtors make all of the stipulated payments during the cure period as required in the order, then all mortgage payments, costs, fees and late charges will be deemed current from the date of the filing of the bankruptcy through the date of the entry of the order, with the exception of
94-020727-12/cel

the amount of $7,486.43, with such amount having been set forth in the Order to be paid through the Amended Plan.

In the event of a default which results in the granting of Relief, the Chapter 13 Trustee will be relieved of any and all obligation to remit payment incident to the arrearages set forth in the Proof of Claim filed by the Plaintiff.

Time is of the essence; all future monthly payments must be timely received; a check returned by the bank for any reason is deemed a violation.

Should Plaintiff, at its option, accept a non-timely payment, it will not be deemed to have waived its rights pursuant to any other provisions contained within this Order.

It is **ORDERED** that the relief granted herein will be binding and enforceable as to the Debtors in the event the case is converted.

It being **FURTHER ORDERED**, pursuant to the requirement of the Chapter 13 Trustee and of the Court, that the Movant shall promptly notify the Court and the Chapter 13 Trustee in writing of the results of any foreclosure of the subject deed of trust and pay to the Chapter 13 Trustee any excess funds received from such foreclosure sale, to be disbursed upon agreement with the Debtors or upon further order of the Court.

It is **FURTHER ORDERED** that any deficiency claim must be filed 120 days from the date of foreclosure or the claim will be forever barred.

It is further **ORDERED** that the fourteen (14) day stay is hereby waived and the terms of this Order are immediately enforceable.

It is additionally acknowledged that by endorsement of this Order, Counsel for Debtors hereby represents that Debtors have been advised of the terms of the agreement as set forth in this Order.

DATED:

_____
JUDGE

**NOTICE OF JUDGMENT OR ORDER**
**Entered on Docket**

_____

I ask for this:

**/s/ D. Carol Sasser**
_____
94-020727-12/cel

Samuel I. White, P. C.
D. Carol Sasser, Esquire, VSBN 28422
Robert A. Jones, Esquire, VSBN 71123
Counsel for BSI Financial Services, Inc.
5040 Corporate Woods Drive
Suite 120
Virginia Beach, VA 23462

Seen and Agreed:

**/s/ Shanna C. Harris for**
_____

Kimberly A. Lewis, Esquire
Counsel for Debtors
2017 Cunningham Dr. Ste.402
Hampton, VA 23666

Seen:

**/s/ Warren A. Uthe, Jr., Attorney for**
_____

Michael P. Cotter
Chapter 13 Trustee
870 Greenbrier Circle, Suite 402
Chesapeake, VA 23320
Case#12-50427-SCS


CERTIFICATE

I certify that this proposed Order has been endorsed by all parties involved in this proceeding.

**/s/ D. Carol Sasser**
_____

D. Carol Sasser, Esquire




The Clerk shall mail a copy of the entered Order to the following:

Michael P. Cotter
Chapter 13 Trustee
870 Greenbrier Circle, Suite 402
94-020727-12/cel

Chesapeake, VA 23320

Kimberly A. Lewis, Esquire
Counsel for Debtors
2017 Cunningham Dr. Ste.402
Hampton, VA 23666

Thomas Lorenzo Piggott and Karen Y. Piggott
Debtors
7819 Merrimac Lane
Newport News, VA 23605

D. Carol Sasser, Esquire
Robert A. Jones, Esquire
Counsel for BSI Financial Services, Inc.
5040 Corporate Woods Drive
Suite 120
Virginia Beach, VA 23462

94-020727-12/cel